UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DYLAN THOMAS-CARDONA,<br>  plaintiff, | :<br>:<br>: | PRISONER |
| v. | : | CASE NO. 3:12-cv-506(AVC) |
| DR. GAGNE, et al.,<br>  defendants. | :<br>:<br>: | |

### INITIAL REVIEW ORDER

The plaintiff, Dylan Thomas-Cardona, incarcerated at Northern Correctional Institution, has filed a complaint *pro se* under 42 U.S.C. § 1983. He names Dr. Gagne and Health Services Administrator Richard Furey as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. See Carr v. Dvorin, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that he suffers from multiple mental health conditions. He claims that in June 2011, defendant Gagne was deliberately indifferent to his many mental health conditions when he placed him in an unsafe suicide cell. Dr. Gagne has also prescribed medications to treat the plaintiff's mental health conditions, but has not re-filled them in a timely manner and has not performed the necessary blood work associated with certain medications.

The plaintiff has made Health Services Administrator Furey aware of the alleged unconstitutional conditions of confinement

and deliberate indifference to his mental health conditions, but defendant Furey has taken no action to correct the conditions. The plaintiff seeks monetary damages from the defendants in their individual capacities and injunctive and declaratory relief against the defendants in their official capacities.

After reviewing the complaint, the court concludes that, at this stage of the proceedings, the plaintiff has stated plausible claims that the defendants violated his rights under the Eighth Amendment's prohibition against cruel and unusual punishment. Thus, the case will proceed at this time as to these claims against all defendants in their individual capacities and against all defendants in their official capacities to the extent that the plaintiff seeks injunctive and declaratory relief.

ORDERS

The court enters the following orders:

(1)   The Eighth Amendment claims shall proceed against all defendants in their individual capacities and in their official capacities, to the extent that the plaintiff seeks injunctive and declaratory relief.

The plaintiff has filed a motion for injunctive relief seeking a court order directing the defendants to transfer him to a prison facility that will provide him with appropriate mental health treatment and an order directing the defendants to perform the necessary blood tests and EKGs prior to prescribing

psychotropic medication to treat his mental health conditions.

**The Clerk is directed to send a copy of the Complaint [Doc. No. 1] and Motion for Injunctive Relief and Memorandum in Support of the Motion for Injunctive Relief [Docs. Nos. 4, 5] and this Order to Assistant Attorney General Terrence M. O'Neill, 110 Sherman Street, Hartford, CT 06105. The defendants shall file a response to the motion for injunctive relief on or before February 7, 2013.**

(2)   Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint [doc. #1] and this order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)   Within fourteen (14) days of this order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant

shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)  The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this order.

(6)  Defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8)  All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or

the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED this 15th day of January 2013, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello
United States District Judge